UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO R. LOZANO,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM C. PARKS,<br><br>    Defendant. | C.A. No. 1:24-cv-11633-MJJ |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WILLIAM C. PARKS' MOTION FOR PROTECTIVE ORDER**

## I. INTRODUCTION

Pursuant to the provisions of Fed. R. Civ. P. 26(c), the Defendant, William C. Parks, respectfully moves this Honorable Court for a protective order, and respectfully requests that the Court issue an order staying discovery, including Defendant's Answers to two sets of Interrogatories propounded by the Plaintiff, until the Defendant's Motion to Dismiss (Doc. No. 6) is decided by this Court.

As grounds for this motion, the Defendant states that good cause for staying discovery exists due to a pending dispositive motion. The Defendant further states that judicial efficiency and economy will be served by staying discovery, as if the Motion to Dismiss is successful, discovery will be unnecessary. Finally, the Plaintiff will not be prejudiced by the allowance of this motion as the facts and circumstances surrounding the bankruptcy court case in which Attorney Parks represented him are already known to him and a brief delay in discovery will not therefore harm him.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In the Plaintiff's Complaint (Doc. No. 1), filed on June 25, 2024, he alleges certain claims in connection with Defendant's representation of Plaintiff in the bankruptcy court case, <u>In Re Mario Rene Lonzo</u>, Bankruptcy Petition No. 18-11315. Defendant denies the allegations and filed a motion to dismiss on September 13, 2024. Plaintiff filed a Motion for Summary Judgment on October 15, 2024 (Doc. No. 16) [1] and filed interrogatories on the electronic docket on October 28 and 30, 2024 (Doc. No. 17, 19). Defendant files this motion to stay discovery, pending the outcome of his Motion to Dismiss, and further states that Plaintiff's propounding of discovery requests is incongruous with his filing of a Motion for Summary Judgment. In addition, or in the alternative, Defendant moves to strike Interrogatories 10-13 in Plaintiff's Second Set of Interrogatories (Doc. No. 19) as exceeding the limit of interrogatories allowed by Fed. R. Civ. P. 33 and Local Rule 26.1(c).

### III.  LEGAL ARGUMENT

Pursuant to Fed. R. Civ. P. 26(c), a party may move for a protective order in the court where the action is pending and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26 (c)(1). "The court has broad discretion to stay discovery pending resolution of a motion to dismiss." *Dicenzo v. Mass. Dep't of Corr.*, Case No. 3:15-cv-30152-MGM, 2016 U.S. Dist. LEXIS 4166, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). "[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). "The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under

---

[1] Defendant reiterates that Plaintiff's Motion for Summary Judgment is premature where no discovery has taken place, and in light of Defendant's Motion to Dismiss currently pending before the Court.

Fed. R. Civ. P. 26(c)(1)." *Dicenzo*, 2016 U.S. Dist. LEXIS 4166, 2016 WL 158505, at *1. *See Pub. Citizen v. Liggett Grp., Inc*., 858 F.2d 775, 789 (1st Cir. 1988). "A pending dispositive motion constitutes good cause for a stay of discovery." *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, Civil Action No. 3:17-cv-30037-MAP, 2018 U.S. Dist. LEXIS 131632, at *5 (D. Mass. Aug. 6, 2018).

A stay of discovery is in the interests of economy as this Honorable Court may allow the Defendant's Motion to Dismiss, and such stay will avoid the parties having to spend time and expend costs to conduct discovery. Unless discovery is stayed in this matter, the parties will be unnecessarily subjected to the considerable expense of conducting discovery in an action which this Honorable Court may decide must be dismissed. It would be counterintuitive for the parties to engage in discovery while the Motion to Dismiss is pending, and it is similarly counterintuitive that Plaintiff has propounded discovery while at the same time arguing in his Motion for Summary Judgment that there exists no genuine issue of material fact.

Further, a stay of discovery will not prejudice the Plaintiff as all facts needed to resolve the pending Motion to Dismiss are already known to all parties. The Motion to Dismiss relies on the pleadings alone, which information is already known and readily available to the Plaintiff. As discussed in the Defendant's Motion to Dismiss, the claims described in the Complaint are barred the applicable statutes of limitations and the law does not recognize private causes of action for certain of the asserted claims.

Plaintiff has filed two sets of interrogatories on the electronic docket. The first set filed on October 28, 2024 contains 16 interrogatories. (Doc. No. 18). The second set filed on October 30, 2024 contains 13 Interrogatories. The Federal Rules of Procedure and Local Rules permit 25 Interrogatories "[u]nless the judicial officer orders otherwise." Plaintiff has not sought leave to

serve more than 25 interrogatories, and therefore Interrogatories 10-13 in Plaintiff's Second Set of Interrogatories should be stricken.

WHEREFORE, for the foregoing reasons, the Defendant, William C. Parks, respectfully requests this Honorable Court allow this motion for protective order and issue an order staying discovery until the Motion to Dismiss is decided, and that this Honorable Court strike Interrogatories 10-13 in Plaintiff's Second Set of Interrogatories.

Respectfully submitted,

Defendant,

WILLIAM C. PARKS,
By his attorneys,

*/s/ George C. Rockas*
George C. Rockas, BBO# 544009
George.Rockas@WilsonElser.com
Dennis M. Maher, BBO# 703655
Dennis.Maher@WilsonElser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
260 Franklin Street—14th Floor
Boston, MA 02110-3112
(617) 422-5300

Dated: November 21, 2024

## CERTIFICATE OF SERVICE

I, Dennis M. Maher, hereby certify that on November 21, 2024, I served a copy of the above document, via email, upon:

Mario R. Lozano
54 Bicknell Street
Boston, MA 02121
mariolozanor@gmail.com
*Pro Se*

/s/ *Dennis M. Maher*
Dennis M. Maher